Aaron J. Lockwood (025599)
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 800
Phoenix, AZ  85016
Telephone: (602) 445-8000
Facsimile:  (602) 445-8100
lockwooda@gtlaw.com

Daniel I.A. Smulian *(pro hac vice forthcoming)*
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile:  (212) 801-6400
smuliand@gtlaw.com

*Attorneys for Defendants Medtronic, Inc. and Medtronic USA, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Harris, an individual, | No. |
| Plaintiff, | (Formerly in the Arizona Superior Court for Maricopa County, No. CV2021-017129) |
| vs. | |
| Medtronic, Inc.; Medtronic USA, Inc.; and Does 1-100, inclusive, | **DEFENDANTS' NOTICE OF REMOVAL** |
| Defendants. | JURY TRIAL DEMANDED |

Defendants Medtronic, Inc. and Medtronic USA, Inc. (collectively "Medtronic"), by and through their counsel, hereby remove this action, which is currently pending in the Superior Court of Maricopa County, Arizona, Case No. CV2021-017129, to the United States District Court for the District of Arizona, Phoenix Division.  In support of this Notice of Removal, Defendants state the following:

61840654

# REMOVAL STANDARD

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

# THE REMOVED CASE

4. The removed case is a product liability action arising out of injuries purportedly sustained by Plaintiff in connection with his implantation of an implantable cardioverter-defibrillator ("ICD") and a Medtronic Sprint Fidelis Lead, Model Number 6949, placed in his left ventricle ("Subject Lead"). *See generally* Compl. at ¶¶ 7-12.

5. Plaintiff asserts two causes of action against Medtronic: strict products liability and negligence. *See* Compl. at pp. 1, 4-6.

# PAPERS FROM REMOVED ACTION

6. Pursuant to LRCiv 3.1(a) and 3.6(a) and (b), a Civil Cover Sheet, Supplemental Civil Cover Sheet, and a copy of the most recent state court docket are attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively;

7. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), Medtronic attaches to this Notice of Removal a copy of all process, pleadings, and other papers or exhibits of every kind, including depositions, on file in the state court as separate exhibits as follows:

- Complaint, **Exhibit D**;
- Plaintiff's Demand for Jury Trial, **Exhibit E**;
- Certificate of Compulsory Arbitration, **Exhibit F**;

2

- Summons to Defendant Medtronic, Inc., **Exhibit G**;
- Summons to Defendant Medtronic USA, Inc., **Exhibit H**;
- Affidavit of Service for Defendant Medtronic, Inc., **Exhibit I**; and
- Affidavit of Service for Defendant Medtronic USA, Inc., **Exhibit J**.[1]

8. Pursuant to LRCiv 3.6(b), Medtronic's undersigned counsel verifies that true and complete copies of all pleadings and other documents filed in the state court proceeding, other than Plaintiff's system generated civil cover sheet, have been filed with this Notice of Removal. *See* Declaration of Aaron J. Lockwood, attached hereto as **Exhibit K**.

**THE REMOVAL IS TIMELY**

9. Plaintiff filed this action in the aforementioned state court on November 3, 2021. Plaintiff served Medtronic with copies of the summons and Complaint on December 7, 2021.

10. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is made within thirty (30) days of Defendants' first receipt of Plaintiffs' Complaint on December 7, 2021. *See* 28 U.S.C. § 1446(b)(1).

**VENUE IS PROPER**

11. Venue is proper in the Phoenix Division of this Court because this action is being removed from the Superior Court of Maricopa County, Arizona, and the acts complained of in the Complaint are alleged to have caused injury in Maricopa County, Arizona. *See* Compl., ¶¶ 13-14.

**DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

12. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and it may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff's Civil Cover Sheet is on the state court docket, but it was not served on Medtronic and is not publicly available. Accordingly, Medtronic has been unable to access this document and it is not attached as a separate exhibit.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

13. The relevant time period for federal removal jurisdiction on the basis of diversity is "the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed).

14. Plaintiff is alleged to be a resident of Arizona. Compl., ¶ 1.

15. Medtronic, Inc. is a foreign corporation, incorporated in the State of Minnesota. Compl., ¶ 2. Medtronic, Inc.'s principal place of business as of the filing date of Plaintiff's Complaint is in Minnesota. Therefore, Medtronic, Inc. is a citizen of Minnesota and is not a citizen of Arizona for purposes of determining diversity jurisdiction.

16. Medtronic USA, Inc. is a foreign corporation, incorporated in the State of Minnesota. Compl., ¶ 3. Medtronic USA, Inc.'s principal place of business as of the filing date of Plaintiff's Complaint is in Minnesota. Therefore, Medtronic USA, Inc. is a citizen of Minnesota and is not a citizen of Arizona for purposes of determining diversity jurisdiction.

17. Because Plaintiff is a citizen of Arizona and Defendants are not citizens of Arizona, complete diversity exists under 28 U.S.C. § 1332.

18. For the purposes of removal, 28 U.S.C. § 1441(b) provides that "the citizenship of defendants sued under fictitious names shall be disregarded."

**CONSENT OF NON-REMOVING DEFENDANTS**

19. The only Defendants who are identified in this case are moving for removal. No other named defendants have been served. As such, consent is not required.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

20. To be removed under 28 U.S.C. § 1332(a), the amount in controversy in an action must "exceed[] the sum or value of $75,000." Defendants deny that Plaintiff is entitled to any of the relief sought in his Complaint and do not waive any defenses with

respect to any of Plaintiff's claims. However, the amount in controversy is guided by accepting Plaintiff's allegations as true. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) ("[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (internal citations omitted)). Moreover, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 98. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

21. Here, Plaintiff's Complaint alleges that a defect in the Subject Lead caused him "serious and permanent injury" and that Plaintiff "has sustained and will continue to sustain severe physical injuries, unnecessary surgery, severe emotional distress, economic losses, and other damages for which he is entitled to recover in an amount to be proven at trial." Compl., ¶¶ 19, 23; *see also id.*, ¶ 28.

22. Further, Plaintiff's Complaint identifies the case as "Tier 3." Compl., p. 1. Tier 3 cases involve actions claiming $300,000 or more in damages. *See* Ariz. R. Civ. P. 26.2(c)(3)(C).

23. Given the nature of Plaintiff's allegations and the nature of the relief he seeks, the amount in controversy in this action exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization"); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'"); *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("A complaint that presents a combination of facts

5

and theories of recovery that may support a claim in excess of $75,000 can support removal.").

24. Thus, the state court action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Arizona; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**FILING OF REMOVAL PAPERS**

25. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

26. Pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.6(a), Defendants will file a Notice to Court of Filing of Removal, including a true and correct copy of this Notice of Removal, with the Clerk of the Maricopa County Superior Court.

27. The allegations of this Notice are true and correct and within the jurisdiction of the United States Court for the District of Arizona, Phoenix Division, and this cause is removable to the United States District Court for the District of Arizona, Phoenix Division.

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to Defendants.

29. If any question arises as to the propriety of this removal, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable. Defendants also reserve the right to supplement this Notice of Removal as appropriate.

30. Defendants request a trial by jury of all issues.

31. This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil procedure, in accordance with 28 U.S.C. § 1446(a) and LRCiv 3.6(a).

1     WHEREFORE, Defendants hereby remove this case from the Maricopa County Superior Court and request that further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this 27th day of December 2021.

GREENBERG TRAURIG, LLP

By: */s/ Aaron J. Lockwood*
    Aaron J. Lockwood
    Daniel I.A. Smulian (*pro hac vice* forthcoming)
    *Attorneys for Defendants Medtronic, Inc. and Medtronic USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system for filing. Notification of such filing was also sent to the following counsel of record via email to:

Thomas S. Alch
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, CA, 90212
thomas.alch@shooplaw.com
*Attorneys for Plaintiff*

By: /s/ *Diane Linn*
Employee of Greenberg Traurig, LLP

8