# Exhibit D

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
11/3/2021 10:02:38 AM
Filing ID 13567461

Thomas S. Alch (SBN: 027544)
**SHOOP | A PROFESSIONAL LAW CORPORATION**
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
*thomas.alch@shooplaw.com*

Attorneys for Plaintiff, James Harris

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**FOR THE COUNTY OF MARICOPA**

JAMES HARRIS, an individual,

Plaintiff,

v.

MEDTRONIC, INC.; MEDTRONIC USA, INC.; and DOES 1-100, inclusive,

Defendants.

**Case No.:** CV2021-017129

**COMPLAINT FOR DAMAGES**

1. **STRICT PRODUCTS LIABILITY**
2. **NEGLIGENCE**

**[TIER 3]**

**DEMAND FOR JURY TRIAL**

Plaintiff, JAMES HARRIS, hereby complains and alleges, by and through his undersigned counsel, causes of action against Defendants, and each of them, as follows:

**THE PARTIES**

1. At all times herein mentioned, Plaintiff, JAMES HARRIS, was and is citizen and resident of the State of Arizona, County of Maricopa and intends to remain in Arizona. Plaintiff does not intend to reside in, live in or otherwise domicile in any other state but the State of Arizona.
2. At all times herein mentioned Defendant, MEDTRONIC, INC., was and is a duly organized corporation incorporated in Minnesota and was and is authorized to conduct and was and is conducting business in Arizona.

3. At all times herein mentioned Defendant, MEDTRONIC USA, INC., was and is a duly organized corporation incorporated in Minnesota and was and is authorized to conduct and was and is conducting business in Arizona.

4. The true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants DOES l through 100, inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

5. At all times herein mentioned, based upon information and belief, each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants; and in doing or omitting to do the things herein alleged were acting within the course and scope of such agency, service and/or employment with the permission and consent (implied, actual and/or constructive) of each principal; and each Defendant ratified the acts or omissions of each agent, servant and/or employee.

6. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged.

**FACTUAL INTRODUCTION**

7. Plaintiff, James Harris underwent the surgical placement of Dual Chamber Biventricular Implantable Cardioverter-Defibrillator (hereinafter "Cardioverter-Defibrillator") with a Medtronic Sprint Fidelis Lead, Model Number 6949, placed in his left ventricle (hereinafter "Medtronic Sprint Fidelis Lead" or "Subject Lead") in approximately 2007.

8. The purpose of the Cardioverter-Defibrillator is to detect cardiac arrhythmias, and in response, send an electrical shock through the appropriate lead to the patient's ventricular chamber(s) to rest the patient's heart to a normal rhythm.

9. On or about November 7, 2019, it was determined that the Subject Lead had fractured, and Mr. Harris was required to undergo general anesthesia surgery with intubation to inspect, and surgically remove the Subject Lead.
10. The Subject Lead contained a manufacturing defect that was observed by the surgical team during the course of the procedure to remove the failed device. Specifically, the surgical team observed and documented that the Subject Lead showed evidence of fracture and insulation damage.
11. The manufacturing defect was causal to Mr. Harris' injury.
12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them were individuals, corporations, partnerships and/or unincorporated associations engaged in the business of manufacturing, fabricating, testing, designing, assembling, marketing, issuing warnings, issuing use instructions, advertising, distributing, and selling the Subject Lead that was defectively manufactured and caused Mr. Harris' injuries.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this matter because all Defendants conduct business in or purposely avail themselves of the State of Arizona, County of Maricopa.
14. Venue is proper in the County of Maricopa pursuant to A.R.S. 12-401, as the Defendants reside outside of the State of Arizona, and/or their residence is unknown, Plaintiff, JAMES HARRIS, currently resides, and at all times mentioned, resided in Maricopa County, and that is where the injury occurred.

///

///

///

///

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY**

**(By Plaintiff, James Harris as Against All Named Defendants and Does 1 through 100, Inclusive)**

15. Plaintiff refers to all preceding paragraphs, inclusive, and incorporate them as if set forth in full in this cause of action.

16. Defendants, MEDTRONIC, INC., MEDTRONIC USA, INC., and DOES 1 – 100, and each of them, at all times herein mentioned, were and are corporations or other entities or individuals, engaged in the business of manufacturing, fabricating, testing, designing, assembling, marketing, advertising, distributing, issuing warnings, issuing use instructions and selling Subject Lead that was defectively manufactured and caused Mr. Harris' injuries.

17. The Subject Lead was manufactured in a manner explained in detail hereinabove that was and at all times relevant herein, is violative of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 321 *et seq.* (hereinafter "FDCA") and applicable FDA regulations. The facilities or controls used by Defendants, and each of them, in the manufacture, packing, storage, assembly and/or installation of the devices were not in conformity with applicable regulations and FDA-approved specifications for the device or the CGMP requirements set forth in FDA's quality system regulations, 21 C.F.R. Part 820.

18. The Subject Lead contained a manufacturing defect which caused Plaintiff, JAMES HARRIS' injuries. Defendants, and each of them, designed, manufactured, issued warnings for, issued use instructions for, tested, distributed, and sold the defective Subject Lead. The Subject Lead contained a manufacturing defect when it left the possession of Defendants, and each of them, including but not limited to, a manufacturing defect in the Subject Lead with defective and adulterated insulation and lead fracture, resulting in a required a surgical procedure to remove the Subject Lead

19. The Subject Lead contained a defect in manufacture, causing the device to fail during normal and intended use, posing a risk of serious and permanent injury, and which did in fact cause

serious and permanent injury to Plaintiff, JAMES HARRIS.

20. Defendants, and each of them, knew or should have known of the referenced defect and the risk of serious bodily injury that exceeded the benefits associated with the manufacture of the Subject Lead. The risks were known and knowable to defendants, and each of them, at the time of manufacture and defendants, and each of them, failed to warn.

21. Furthermore, the Subject Lead and its defects presented an unreasonably dangerous risk beyond what the ordinary consumer would reasonably expect.

22. The Subject lead was inherently dangerous for its intended use due to the referenced defect and improper functioning. Defendants, and each of them are, therefore, strictly liable in tort.

23. As a direct and proximate result of the defective Subject Lead, Plaintiff, JAMES HARRIS, has sustained and will continue to sustain severe physical injuries, unnecessary surgery, severe emotional distress, economic losses, and other damages for which he is entitled to recover in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiff, James Harris as Against All Named Defendants and Does 1 through 100, Inclusive)**

24. Plaintiff refers to all preceding paragraphs, inclusive, and incorporate them as if set forth in full in this cause of action.

25. At all relevant times, Defendants, and each of them, had a duty and continued to owe a duty to Plaintiff, JAMES HARRIS: (a) to provide a safe Medtronic Sprint Fidelis Lead in design and manufacture, (b) to manufacture the Medtronic Sprint Fidelis Lead properly in compliance with applicable regulations and FDA-approved specifications, and (c) to manufacture the Medtronic Sprint Fidelis Lead in compliance with Current Good Manufacturing Practices, and all Pre Market Approvals and Supplemental PMAs, such that the Subject Lead was free of the instant manufacturing defects including the manufacturing defect of the fractured lead and defective insulation resulting in documented failure and the

need for surgical removal, causing severe and permanent injuries to Plaintiff, JAMES HARRIS.

26. Defendants, and each of them, breached their duty of reasonable care to Plaintiff, JAMES HARRIS, by failing to manufacture the Subject Lead within the standard of care, by failing to properly test, validate and qualify the Subject Lead, by failing to warn Plaintiff of the risk that the Subject Lead was not properly manufactured resulting in defects and failures as well as shocking and malfunctioning, thereby causing Plaintiff's injuries.

27. Defendants, and each of them, breached their duty of reasonable care to Plaintiff by manufacturing and assembling the Subject Lead in such a manner that it was not free from defect, and violated Current Good Manufacturing Practices, Pre Market Approvals and Supplemental PMAs as well, resulting in a defect in insulation and a fractured lead, resulting in severe physical injuries, unnecessary surgery, severe emotional distress, economic losses, and other damages for which he is entitled to recover in an amount to be proven at trial.

28. As a direct and proximate result of the wrongful conduct of Defendants, and each of them, as set forth herein, Plaintiff, JAMES HARRIS, has suffered and will continue to suffer severe physical injuries, pain, shocking, Subject Lead failure, as well as other damages for which he is entitled to compensatory damages in an amount to be proven at trial.

///

///

///

///

///

///

///

///

**Wherefore,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this court;
2. Past, future medical and related items of expense, according to proof;
3. For loss of future earnings and earning capacity, according to proof;
4. For prejudgment interest;
5. For costs of suit and attorney fees, if awarded by the court, incurred herein; and
6. For such other and further relief as to the Court appears just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all claims so triable.

DATED: 11/2/21

**SHOOP | A PROFESSIONAL LAW CORPORATION**

Thomas S. Alch, Esq.
Attorney for Plaintiff, James Harris